1

1       UNITED STATES DISTRICT COURT

2       SOUTHERN DISTRICT OF OHIO

3       EASTERN DIVISION

4                - - -

5   UNITED STATES OF AMERICA,        :
                                     :
6           PLAINTIFF,               :
                                     :
7       VS.                          :   CASE NO. CR2-05-1959(1)(5)
                                     :
8   MICHAEL N. FARMER,               :
    MICHAEL FARMER,                  :
9                                    :
            DEFENDANTS.              :
10                                   :
                 - - -

11                    CHANGE OF PLEA

12

    BEFORE THE HONORABLE GEORGE C. SMITH, UNITED STATES DISTRICT JUDGE,
13  SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION, SITTING AT COLUMBUS,
    OHIO, ON OCTOBER 18, 2006.
14
    APPEARANCES:
15
        GREGORY G. LOCKHART, UNITED STATES ATTORNEY,
16      BY DAVID BOSLEY, ASSISTANT U.S. ATTORNEY,

17          ON BEHALF OF THE PLAINTIFF.

18      ROBERT F. KRAPENC, ESQ.,

19          ON BEHALF OF THE DEFENDANT MICHAEL N. FARMER.

20      J. SCOTT WEISMAN, ESQ.,

21          ON BEHALF OF THE DEFENDANT MICHAEL FARMER.

22

23

24
                    LAURA L. SAMUELS
25          OFFICIAL FEDERAL COURT REPORTER

2

1                              Wednesday Afternoon Session

2                                    October 18, 2006

3              THE DEPUTY CLERK:  The Court calls criminal case no.

4    CR2-05-195, United States of America versus Michael M. Farmer and

5    Michael Farmer, Sr.  Will the defendants and their counsel please

6    come forward?

7              THE COURT:  Good afternoon, Mr. Weisman, Mr. Krapenc and

8    Mr. Bosley.

9              MR. BOSLEY:  Good afternoon, Your Honor.

10             THE COURT:  Are you Michael Farmer, Sr.?

11             MR. MICHAEL FARMER:  I'm Michael Farmer.  I'm not a

12   senior.  I am just Michael Farmer.

13             THE COURT:  All right.

14             THE DEPUTY CLERK:  That's how it reads on the indictment.

15             MR. BOSLEY:  He is Michael Farmer.  He's identified as

16   Michael Farmer, Sr., in the indictment, but he is truly only

17   Michael Farmer.

18             THE COURT:  All right.  And you are Michael N. Farmer?

19             MR. MICHAEL N. FARMER:  Yes, Your Honor.

20             THE COURT:  And you're represented in this respectively

21   by Mr. Weisman and Mr. Krapenc.

22             Do you wish to withdraw your previously entered plea of

23   not guilty to Count 1 and enter a plea of guilty to Count 1,

24   Mr. Michael Farmer?

25             MR. MICHAEL FARMER:  Yes.

3

1          THE COURT:  And Mr. Michael N. Farmer?

2          MR. MICHAEL N. FARMER:  Yes, sir.

3          THE COURT:  I will read Count No. 1.

4          MR. BOSLEY:  I believe the defendants are willing to

5    waive a reading of the indictment.

6          MR. KRAPENC:  That's correct, Your Honor.

7          MR. WEISMAN:  Yes, Your Honor.

8          THE COURT:  The reading of the indictment is waived.

9          I will ask you, Michael Farmer, how do you plead to Count

10   No. 1?

11         MR. MICHAEL FARMER:  Guilty, Your Honor.

12         THE COURT:  Mr. Michael N. Farmer, how do you plead to

13   Count No. 1?

14         MR. MICHAEL N. FARMER:  Guilty, Your Honor.

15         THE COURT:  Before accepting your respective pleas of

16   guilty to Count No. 1, the Court must determine that it is made

17   voluntarily with an understanding of the nature of the charges and

18   the consequences of the plea.  By offering to plead guilty, you

19   give up certain of your Constitutional rights.  This must be an

20   intentional relinquishment, or giving up, of rights and privileges

21   that you now have.

22         Please understand that the Court need not accept your

23   plea unless satisfied of your guilt and that you fully understand

24   your rights.  In order to make this determination, I must now ask

25   you several questions.

4

1          THE DEPUTY CLERK:  Please raise your right hands.

2       (Both defendants were sworn.)

3          THE COURT:  Do each of you understand that having been

4    sworn, your answers to my questions will be subject to the

5    penalties of perjury or making a false statement if you do not

6    answer truthfully?

7          MR. MICHAEL FARMER:  Yes, sir.

8          THE COURT:  Michael Farmer, how old are you?

9          MR. MICHAEL FARMER:  Fifty-nine.

10         THE COURT:  And how far did you go in school?

11         MR. MICHAEL FARMER:  Tenth grade.

12         THE COURT:  All right.  Since that time, have you held

13   any jobs?

14         MR. MICHAEL FARMER:  Yes, sir.

15         THE COURT:  What kind of work have you done generally?

16         MR. MICHAEL FARMER:  Mostly cooking.

17         THE COURT:  For restaurants?

18         MR. MICHAEL FARMER:  For restaurants, hotels.

19         THE COURT:  And Michael N. Farmer, same questions, how

20   old are you?

21         MR. MICHAEL N. FARMER:  I am 36, Your Honor.

22         THE COURT:  How far did you go in school?

23         MR. MICHAEL N. FARMER:  College.

24         THE COURT:  Have either of you taken any narcotic drugs,

25   medicine or pills or drunk any alcoholic beverages in the past 24

5

1    hours?

2            MR. MICHAEL FARMER:  No, I haven't, Your Honor.

3            MR. MICHAEL N. FARMER:  No, Your Honor.

4            THE COURT:  Mr. Weisman, do you have any doubt as to your

5    defendant's competence to plead at this time?

6            MR. WEISMAN:  I do not, Your Honor.

7            THE COURT:  Mr. Krapenc?

8            MR. KRAPENC:  Not at all.

9            THE COURT:  Have each of you received a copy of the

10   superseding indictment pending against you, that is the written

11   charges made against you in this case, and have you fully

12   discussed these charges and the case in general with your lawyer?

13           MR. MICHAEL FARMER:  Yes, Your Honor.

14           MR. MICHAEL N. FARMER:  Yes, Your Honor.

15           THE COURT:  Are you fully satisfied with the counsel,

16   representation and advice your lawyer has given you about your

17   case?

18           MR. MICHAEL FARMER:  Yes, Your Honor.

19           THE COURT:  You should understand that proper plea

20   agreements are permissible and that you and all counsel have a

21   duty to disclose the existence and terms of any such agreement.

22   The plea agreement entered into between you and counsel for the

23   government has been presented to the Court.  Would counsel for the

24   government please summarize each of these agreements for the

25   record?

6

1        MR. BOSLEY:  Your Honor, basically they are the same.  I

2  am going to give you the differences when we get to those points,

3  if that's all right with the Court.

4        THE COURT:  All right.

5        MR. BOSLEY:  Both the defendants will plead guilty to

6  Count 1 of the superseding indictment which charges them with

7  conspiracy to possess with the intent to distribute in excess of 5

8  kilograms of cocaine, in violation of 21 U.S.C. section 846.  They

9  both understand the penalties.  It's a mandatory minimum of ten

10 years to a maximum term of life, a fine of $4 million, a five-year

11 term of supervised release, and a $100 special assessment.

12        Both defendants agree to testify truthfully and

13 completely before the grand jury and in any trials relating to

14 their cooperation concerning all matters pertaining to the

15 superseding indictment.  The defendants agree to provide a

16 complete statement to the authorities concerning such matters

17 prior to the entry of the guilty plea pursuant to the plea

18 agreement.

19        I would tell the Court that this has happened, Your

20 Honor.

21        And the defendants agree to submit to supplemental

22 debriefings.

23        Pursuant to 1B1.8 of the guidelines, the government

24 agrees any self-incriminating information so provided will not be

25 used against the defendants in determining the applicable

7

1  guideline range for sentencing nor as a basis for an upward

2  departure from the advisory guideline range.

3       If such plea is entered and not withdrawn and the

4  defendants act in accordance with all terms of this agreement, the

5  U.S. Attorney for the Southern District of Ohio agrees not to file

6  additional charges against the defendants based on their activity

7  charged in the superseding indictment and based on other narcotics

8  violations in the Southern District of Ohio occurring prior to the

9  date of the superseding indictment and as to which they give

10  testimony or make statements.

11       The U.S. attorney agrees to dismiss Count 3 of the

12  superseding indictment as it pertains to the defendants by virtue

13  of the defendants pleading guilty to Count 1 of the superseding

14  indictment in exchange for the United States' agreement to dismiss

15  Count 3 and not to prosecute them for additional narcotics

16  violations that they may disclose during the course of

17  cooperation.

18       They hereby expressly waive their right to sue the United

19  States based on the arrest and prosecution in this case.

20       They understand this does not protect them from

21  prosecution for perjury should they testify untruthfully or making

22  false statements.

23       Both are aware, Your Honor, that the United States

24  guidelines and policy statements are no longer mandatory in

25  determining the sentences.  However, they understand that said

8

1  guidelines and policy statements are taken into consideration by

2  the Court in conjunction with all other sentencing factors to

3  determine the appropriate sentence pursuant to U.S. versus Booker

4  and 543 U.S. 205.  They are aware that the Court has not yet

5  determined the sentence in this case.  They are further aware that

6  the district court has jurisdiction and authority to impose any

7  sentence within the statutory framework for the offense for which

8  they are pleading guilty.

9      They are aware any estimate they have received under the

10  probable sentencing guidelines that they may have received from

11  any source is a prediction and not a promise, not binding on the

12  United States, the probation officer or the Court.  The United

13  States makes no promise or representation concerning what sentence

14  they will receive.  And the defendant cannot withdraw their guilty

15  pleas based upon the actual sentence.

16      If the Court refuses to accept any provision of the plea

17  agreement, except for paragraph 9 of Michael N. Farmer's agreement

18  and paragraph 6 of Mr. Farmer's plea agreement, the defendants may

19  withdraw their guilty pleas, and the U.S. attorney may proceed

20  with prosecution pursuant to the superseding indictment without

21  prejudice.

22      As to each individual, there are certain agreements as to

23  any sentencings made.  As to Michael N. Farmer, the amount of

24  controlled substances to be attributed to the defendant pursuant

25  to 2D1.1 or 1B1.3 is at least 50 but less than 150 kilograms for a

9

1   base offense level of 36.  The defendant played a supervisory role

2   pursuant to 3B1.3.  And, three, the defendant has accepted

3   responsibility pursue to 3E1.1.  And the United States agrees not

4   to object to such a determination provided the defendant continues

5   to merit through sentencing such a reduction according to a

6   reasonable reading of 3E1.1.

7          As to Mr. Michael Farmer, the United States Attorney

8   recommends that he has accepted responsibility also.  If he

9   continues to accept responsibility at the time of sentencing, we

10  will make a motion pursuant to 3E1.1 stating that he has done so

11  and notifying the Court.  The relevant conduct to be considered by

12  the Court pursuant to 1B1.3 and 2D1.14 is at least 5 but less than

13  15 kilograms of cocaine for a base offense level of 32.

14         The United States will not object to an application of

15  5C1.2, the safety valve, should the defendant be otherwise

16  eligible.

17         However, the parties understand these agreements are not

18  binding on either the Court or the United States probation

19  officer.  The final determination for the applicable guideline

20  range rests solely with the Court.

21         Finally, the United States Attorney for the Southern

22  District of Ohio agrees if either defendant provides substantial

23  assistance in the investigation or prosecution of others who have

24  committed crimes, the U.S. attorney may move the Court pursuant to

25  18 U.S.C. 3553(e) and 5K1.1 of the guidelines for an appropriate

10

1    departure from the otherwise applicable guideline range for the

2    defendant's sentence and in connection therewith will make known

3    to the Court the nature and extent of the defendant's assistance.

4    The defendant understands that such motion is up to the United

5    States Attorney's office and whether it should be filed -- and

6    whether and to what extent the motion should be granted are solely

7    matters for determination by the Court.

8           Your Honor, I would say that Mr. Michael Farmer's motion

9    pursuant to 18 U.S.C. section 3553, Michael N. Farmer is only --

10          THE COURT:  Is only what?

11          MR. BOSLEY:  5K1.1, Your Honor, under the guidelines.

12          There are no other agreements made or conditions have

13   been made relative to this matter other than those expressly set

14   forth herein, and none will be made unless in writing and signed

15   by all parties.  Signed by Michael Farmer, Scott Weisman, his

16   attorney, myself, and Michael J. Burns.  Signed by Michael N.

17   Farmer, his attorney, Robert Krapenc, myself and Michael J. Burns,

18   Your Honor.

19          THE COURT:  Thank you.  Mr. Weisman and Mr. Krapenc, is

20   that your understanding of the agreement?

21          MR. WEISMAN:  Yes, Your Honor.

22          MR. KRAPENC:  It is, Your Honor.

23          THE COURT:  And likewise, Mr. Farmer and Mr. Michael N.

24   Farmer, is this the agreement as you understand it?

25          MR. MICHAEL FARMER:  Yes, Your Honor.

11

1          MR. MICHAEL N. FARMER:  Yes, Your Honor.

2          THE COURT:  Each of you have received a copy of the

3     superseding indictment pending against you; that is, the written

4     charges made in this case, is that correct?

5          MR. MICHAEL FARMER:  Yes, Your Honor.

6          MR. MICHAEL N. FARMER:  Yes, Your Honor.

7          THE COURT:  And you have both gone over these charges and

8     the case in general with your lawyers?

9          MR. MICHAEL FARMER:  Yes, Your Honor.

10          MR. MICHAEL N. FARMER:  Yes, Your Honor.

11          THE COURT:  Are each of you fully satisfied with the

12     counsel, representation and advice your lawyers have given you

13     about your case?

14          MR. MICHAEL FARMER:  Yes, Your Honor.

15          MR. MICHAEL N. FARMER:  Yes, Your Honor.

16          THE COURT:  You should understand that proper plea

17     agreements are permissible; that you and all counsel have a duty

18     to disclose the existence and terms of any such agreement.  The

19     plea agreement entered into between you and counsel for the

20     government has been presented to the Court.

21          Would counsel for the government please summarize the

22     agreement for the record?

23          MR. BOSLEY:  We just summarized those.

24          THE COURT:  I am sorry.

25          Do you understand that any agreement regarding a sentence

12

1    to be recommended to the Court is not binding on the Court and

2    that if I decline to allow your -- follow your agreement and

3    impose a higher sentence, you cannot withdraw your guilty plea

4    simply because you do not like the sentence the Court has imposed?

5            MR. MICHAEL FARMER:  Yes, sir.

6            MR. MICHAEL N. FARMER:  Yes, Your Honor.

7            THE COURT:  You understand that?

8            Has anyone, including an officer or agent of the

9    government, made any promise other than the plea agreement that

10   induced you to plead guilty?

11           MR. MICHAEL N. FARMER:  No, Your Honor.

12           MR. MICHAEL FARMER:  No.

13           THE COURT:  Has anyone attempted to force you to plead

14   guilty?

15           MR. MICHAEL FARMER:  No, Your Honor.

16           MR. MICHAEL N. FARMER:  No.

17           THE COURT:  Do you understand that the offense to which

18   you are pleading guilty is a felony offense; and if your plea is

19   accepted, you will be adjudged guilty of that offense, and that

20   such adjudication may deprive you of valuable civil rights, such

21   as the right to vote, to hold public office, to serve on a jury,

22   and the right to possess any kind of firearm?

23           MR. MICHAEL FARMER:  Yes.

24           MR. MICHAEL N. FARMER:  Yes, Your Honor.

25           THE COURT:  You understand the potential penalty in your

13

1    case is as follows:  A minimum of ten years, a maximum of life, a

2    $4 million fine, a $100 special assessment, and five years

3    supervised release.  Do you understand the penalties?

4              MR. MICHAEL FARMER:  Yes, Your Honor.

5              MR. MICHAEL N. FARMER:  Yes, Your Honor.

6              THE COURT:  You should know that parole has been done

7    away with under the sentencing guidelines; that you must serve the

8    full amount of the prison term for which you are sentenced.  Do

9    you understand this?

10             MR. MICHAEL FARMER:  Yes, Your Honor.

11             MR. MICHAEL N. FARMER:  Yes, Your Honor.

12             THE COURT:  Following the service of your sentence, you

13   will be required to serve a term of supervised release.

14   Supervised release is a period of supervision by the

15   U.S. probation office with strict terms and conditions.  If you

16   violate the conditions of supervised release, you can have your

17   release revoked and be returned to serve a prison term up to the

18   number of years I described to you, which is five.  This time

19   would be served without credit for time already served on the

20   period of supervised release.  Do you understand this?

21             MR. MICHAEL N. FARMER:  Yes, Your Honor.

22             MR. MICHAEL FARMER:  Yes, Your Honor.

23             THE COURT:  Do you understand you will be ordered to make

24   restitution or more likely to forfeit, or turn over, certain

25   property to the government that has been acquired with money from

14

1    illegal activities?

2            MR. MICHAEL N. FARMER:  Yes, Your Honor.

3            MR. MICHAEL FARMER:  Yes, Your Honor.

4            THE COURT:  Knowing the maximum penalties the Court can

5    impose, do you still wish to plead guilty?

6            MR. MICHAEL FARMER:  Yes, Your Honor.

7            MR. MICHAEL N. FARMER:  Yes, Your Honor.

8            THE COURT:  The United States Sentencing Commission has

9    established guidelines for judges to follow in determining the

10   sentence in a criminal case.  These guidelines used to be

11   mandatory, and judges were required to impose a sentence within

12   the guideline range.  The United States Supreme Court has recently

13   changed this.  In the case of United States versus Booker, the

14   Court in Booker effectively made the guidelines advisory; that is,

15   they are only one factor the Court can consider in imposing a

16   sentence.

17           Have you and your attorney talked about the advisory

18   sentencing guidelines?

19           MR. MICHAEL FARMER:  Yes, Your Honor.

20           MR. MICHAEL N. FARMER:  Yes, Your Honor.

21           THE COURT:  In addition to the guidelines, the Court must

22   also consider all of the factors listed in 18 United States Code

23   section 3553(a), including the nature and circumstances of the

24   offense and the history and characteristics of the defendant, the

25   need for the sentence imposed to reflect the seriousness of the

15

1      offense, to promote respect for the law and to provide just

2      punishment for the offense, to afford adequate deterrence to

3      criminal conduct, to protect the public from further crimes of the

4      defendant, and to provide the defendant with needed educational or

5      vocational training, medical care or other correctional treatment

6      in the most effective manner, the need to avoid unwarranted

7      sentences disparities and the need to provide restitution to any

8      victims of the offense.

9            Do you understand that the Court will consider these

10     additional factors in determining your sentence?

11           MR. MICHAEL FARMER:  Yes, Your Honor.

12           MR. MICHAEL N. FARMER:  Yes, Your Honor.

13           THE COURT:  Before you are sentenced, a presentence

14     report will be prepared by the probation department.  This report

15     will contain the probation officer's conclusion regarding the

16     imprisonment range under the guidelines.  This range is only

17     advisory and not binding on the Court.  The Court may or may not

18     sentence you to a term of imprisonment within this range.

19           Do you understand this?

20           MR. MICHAEL FARMER:  Yes, Your Honor.

21           MR. MICHAEL N. FARMER:  Yes, Your Honor.

22           THE COURT:  You and the government will have an

23     opportunity to challenge the facts and conclusions in this

24     presentence report, if you wish.  The Court will not determine

25     your sentence until this process is completed.  Also the Court is

16

1    not bound by any stipulation or agreement between you and the

2    government as to the facts, conclusions or the sentence itself.

3    The Court will determine and decide these matters.

4         Do you understand this?

5         MR. MICHAEL FARMER:  Yes, Your Honor.

6         MR. MICHAEL N. FARMER:  Yes, Your Honor.

7         THE COURT:  Do you understand if the sentence is more

8    severe than you expected, you will still be bound by your plea and

9    will have no right to withdraw it?

10        MR. MICHAEL FARMER:  Yes, Your Honor.

11        MR. MICHAEL N. FARMER:  Yes, Your Honor.

12        THE COURT:  The Court advises you that under the

13   Constitution and laws of the United States, you have the right to

14   continue to plead not guilty.  You have the right to be tried by a

15   jury.  And at such a speedy and public trial you would have the

16   right to the assistance of counsel, the right to confront and

17   cross-examine witnesses testifying against you, the right not to

18   be compelled to incriminate yourself, and the right to the

19   issuance of subpoenas or compulsory process to compel the

20   attendance of witnesses who could testify in your defense.  At

21   such trial you would be presumed innocent until such time, if

22   ever, as the government established your guilt by competent

23   evidence and beyond a reasonable doubt.

24        Do you understand that if you plead guilty and that plea

25   is accepted by this Court, there will be no trial?  You will have

17

1    waived, or given up, your right to a trial as well as those other

2    rights associated with the trial as I have just described them?

3             MR. MICHAEL FARMER:  Yes, Your Honor.

4             MR. MICHAEL N. FARMER:  Yes, Your Honor.

5             THE COURT:  Do you understand that if your plea of guilty

6    is accepted, the Court can impose the same penalty as though you

7    pleaded not guilty, went to trial and had been convicted by a

8    jury?

9             MR. MICHAEL FARMER:  Yes, Your Honor.

10            MR. MICHAEL N. FARMER:  Yes, Your Honor.

11            THE COURT:  If you plead guilty, do you also understand

12   that you will also have to waive your right not to incriminate

13   yourself since I will have to ask you questions about what you did

14   in order to satisfy myself that you are guilty as charged, and you

15   will have to acknowledge your guilt here in court today?

16            MR. MICHAEL FARMER:  Yes, Your Honor.

17            MR. MICHAEL N. FARMER:  Yes, Your Honor.

18            THE COURT:  Is there any need to read the counts?

19            MR. WEISMAN:  No, Your Honor.

20            MR. KRAPENC:  Not on behalf of my client, Michael Farmer.

21            THE COURT:  The government must prove certain facts, or

22   elements, beyond a reasonable doubt before you could be convicted

23   if you went to trial on your case.  First, that the defendant,

24   that's you, agreed with at least one other person to possess with

25   intent to distribute cocaine -- In other words, the intent to

18

1    distribute is to basically sell cocaine -- second, that the

2    conspiracy described in the superseding indictment was willfully

3    formed and was existing at or about the time alleged, which was

4    beginning on or about April 1, 2003, continuing to and including

5    September 15, 2005, in the Southern District of Ohio as well as

6    elsewhere -- Now a conspiracy is when two or more people join

7    together and agree to commit with the purpose of committing a

8    federal crime -- third, that the defendant, that is each of you,

9    willfully became a member of the conspiracy -- In other words, you

10   agreed and you did so willingly, you weren't forced into doing it

11   -- and, fourth, that the objective of the conspiracy was to

12   possess and distribute in excess of 5 kilograms of cocaine and

13   that said agreement existed in whole or in part at or about the

14   time alleged -- which I just read to you -- in the Eastern

15   Division of the Southern District of Ohio.  If this is a Columbus

16   case, that's in the Eastern Division of the Southern District of

17   Ohio.

18          In order for you to be convicted, the government would

19   have to prove to a jury beyond a reasonable doubt those elements

20   that I just read to you.  Do each of you understand this?

21          MR. MICHAEL FARMER:  Yes, Your Honor.

22          MR. MICHAEL N. FARMER:  Yes, Your Honor.

23          THE COURT:  Will the agent please come forward and be

24   sworn and give us a summary of the case?

25          THE DEPUTY CLERK:  Please raise your right hand.

19

1      (The agent was sworn.)

2              MR. HEUFELDER:  Good afternoon, Your Honor.

3              THE COURT:  Good afternoon.  Will you state your name and

4      position, please?

5              MR. HEUFELDER:  Matthew Heufelder.

6              THE COURT:  Spelling it?

7              MR. HEUFELDER:  H E U F E L D E R.  And I am an agent

8      with the DEA.

9              THE COURT:  Agent Heufelder, you may proceed.

10             MR. HEUFELDER:  Thank you.  From approximately October,

11     2004, through June, 2005, Michael Noah Farmer was knowingly a

12     member of a cocaine trafficking organization responsible for

13     distributing between 50 and 150 kilograms of cocaine in Columbus,

14     Ohio.  During the same period Michael's father, Michael Farmer,

15     was knowingly a member of the same group and responsible for

16     conspiring to distribute between 5 and 15 kilograms.

17             During this time Sylvester Branbilla supplied Michael

18     Noah Farmer with shipments of cocaine for distribution in

19     Columbus, Ohio.  Farmer was personally responsible for negotiating

20     each delivery from Branbilla and then arranged meetings with

21     Branbilla or Branbilla's associates to pay the remainder of

22     Farmer's outstanding balance.

23             On several occasions during this period, including

24     February 9, March 30 and April 12, Farmer directed Branbilla to

25     delivered kilograms of cocaine to a location designated by Farmer,

20

1    directed the occupant of that location to receive the cocaine from

2    Branbilla, then directed his, Farmer's, customers to the same

3    location to pick up the cocaine for distribution.

4          Shortly before the delivery on February 9, Branbilla

5    stated to Farmer, he, Branbilla, was expecting over 20 kilograms

6    of cocaine.  And on April 12, 15 kilograms of cocaine were

7    received after they were delivered at Farmer's direction, and

8    three of Farmer's associates in this conspiracy were arrested.

9    Individuals identified as Farmer's warehouse locations, or drop

10   stops, included the residences of Chancey Roberson, Steven Lyles

11   and Frank Houston.

12         On at least ten different occasions surveillance

13   monitored or observed Branbilla meeting with Farmer for the

14   purpose of collecting drug proceeds from Farmer.  Michael Noah

15   Farmer regularly received approximately 20 kilograms of cocaine

16   for shipment.

17         On September 20, 2005, Farmer was arrested at this

18   residence after being indicted by a grand jury in this district.

19   The subsequent consent search of a safe deposit box associated

20   with Farmer resulted in the seizure of $100,000 in cash.

21         Also during this period Michael N. Farmer's father

22   assisted in his son's drug trafficking activities.  On several

23   occasions Mr. Farmer would collect drug proceeds from the previous

24   transaction from Michael and deliver the money to one of the

25   designated locations, who would, in turn, give the money to

21

1    Branbilla or Branbilla's associates at the time of the next

2    cocaine delivery.  Mr. Farmer sometimes secured this money,

3    regularly in excess of $200,000, overnight until the delivery

4    occurred in the early morning hours of the following day.

5    Mr. Farmer worked as a money courier throughout the term of the

6    conspiracy and was always directed by his son, Michael.

7          Mr. Farmer was one of four individuals indicted by the

8    grand jury this district on February 2 of this year and was

9    charged with violating 21 U.S.C. 846, conspiracy to distribute a

10   controlled substance, cocaine.

11         These events occurred in the Southern District of Ohio.

12         THE COURT:  Did each of you hear what Agent Huefelder

13   from DEA presented?

14         MR. MICHAEL FARMER:  Yes, Your Honor.

15         MR. MICHAEL N. FARMER:  Yes, Your Honor.

16         THE COURT:  Is what he said correct?  First of all, Mr.

17   Farmer?

18         MR. MICHAEL FARMER:  Yes, Your Honor.

19         THE COURT:  And Mr. --

20         MR. MICHAEL N. FARMER:  Yes, Your Honor.

21         THE COURT:  Is it in any way incorrect?  Now there may be

22   things that you didn't know about in the transactions personally,

23   but it's enough information that you were actually involved to

24   where you were dealing in this illegal activity and ordering

25   deliveries of drugs at your direction, is that correct?  Help me

22

1  out here, Mr. Weisman.

2          MR. BOSLEY:  Your Honor, Mr. Farmer, Mr. Michael N.

3  Farmer, was the one directing it.  Mr. Farmer, Michael Farmer, was

4  the money -- he did the money transfers.

5          THE COURT:  Is that accurate?

6          MR. WEISMAN:  Yes.

7          MR. BOSLEY:  Would that be correct, Mr. Farmer?

8          THE COURT:  Would you agree with that?

9          MR. MICHAEL N. FARMER:  Yes, Your Honor.

10          MR. MICHAEL FARMER:  Yes.

11          MR. WEISMAN:  Thank you, Your Honor.

12          THE COURT:  Are both of you American citizens?

13          MR. MICHAEL FARMER:  Yes, Your Honor.

14          MR. MICHAEL N. FARMER:  Yes, Your Honor.

15          THE COURT:  The Court has observed the appearance and

16  responsiveness of the defendant in each case in giving their

17  answers to the questions asked.  The Court is satisfied that the

18  each defendant is in full possession of his faculties, and he is

19  not suffering from any apparent physical or mental illness or

20  under the influence of narcotics or alcohol.  He understands the

21  proceeding in which he is engaged.  He understands the nature and

22  meaning of the charge and the consequences of his plea of guilty.

23  He is aware of the plea negotiations and the plea agreement

24  presented to this Court.

25          Therefore, the Court finds that this plea in each case

23

1    has been made voluntarily, with an understanding of the nature of

2    the charges and the consequences of each plea.  I will accept your

3    guilty plea and the plea agreement and enter a judgment of guilty

4    to a violation of 21 United States Code section 846 in each of the

5    cases for Michael N. Farmer and Michael Farmer.

6          The judgment and sentence imposed upon the defendant in

7    each of these cases will conform to the terms of the plea

8    agreement and will be consistent with the new sentencing framework

9    as defined by the United States Supreme Court in United States

10   versus Booker.  This matter will be continued for a presentence

11   report.  The case is recessed until the defendants' sentencing.

12          Is there anything else we need to do?

13          MR. KRAPENC:  No, Your Honor.

14          MR. WEISMAN:  No, Your Honor.

15          THE COURT:  Thank you very much.

16          Is there any objection to Mr. Farmer remaining on bond?

17          MR. BOSLEY:  No, Your Honor.

18          THE COURT:  He may remain on bond.

19                              -  -  -

20

21

22

23

24

25

24

1                      C E R T I F I C A T E

2                           -  -  -

3          I, Laura L. Samuels, do hereby certify that the foregoing is

4     a true and correct transcript of the proceedings before the Honorable

5     George C. Smith, Judge, in the United States District Court, Southern

6     District of Ohio, Eastern Division, on the date indicated, reported by

7     me in shorthand and transcribed by me or under my supervision.

8

9

10

11

12                                    _____

13                                    Laura L. Samuels
                                      Official Federal Court Reporter
14

15

16

17

18

19

20

21

22

23

24

25